STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

v.

KENNETH ALLEN,

Defendant

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 FEB 11 P 1: 32

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-170
SKS-KEN-2/11/2004

**DECISION ON MOTION**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 17 2004

This matter came on for hearing before the court on the defendant's motion to suppress evidence obtained from the defendant and statements he made on February 10, 2003. After reviewing all the evidence, the motion will be denied.

**Facts**

On February 10, 2003, Probation Officer Fortin initiated a search at the residence of one of his probationers, Darla Allen, in Augusta. The purpose of the search, which was authorized under the conditions of Ms. Allen's probation, was to address a concern that Ms. Allen had relapsed and begun taking drugs again. As a result, the probation officer invited agents of the Maine Drug Enforcement Agency to come with him and bring a drug test kit.

From previous experience when assigned in the Lewiston/Auburn area, Probation Officer Fortin was aware that Darla's husband – the defendant, Kenneth Allen – had been discussed at drug task force meetings as someone who had been in the drug trade and was "presumed armed" and officers should "approach with caution." Although Fortin had no knowledge that the defendant would have weapons or drugs, or even that he would be at Darla's residence, he was aware that there was a possibility that the defendant would be there.

When the officers arrived at the Allen residence, one of the MDEA special agents knocked on the door and Probation Officer Fortin then asked the defendant to let them in, which he did. What happened next is the subject of considerable disagreement. The issue becomes one of credibility of the witnesses, and on this score the court found the defendant's testimony and that of his wife to be less than completely credible. The defendant's own testimony was internally inconsistent with regard to the sequence of events and was also inconsistent with the testimony of his wife. By contrast, the court found the officer's testimony to be largely consistent and believable, though not all details had been included in their earlier reports.

The more believable version of what occurred in Darla Allen's apartment is that Fortin explained to the defendant that they were there to search his wife and the residence, which she was obliged to allow as a condition of her probation. Fortin then asked the defendant whether he had any drugs or weapons on his person, which the defendant denied. Fortin then asked him to empty his pockets, which he did; placing on the table approximately $300 in currency, but in the process apparently "palming" a bag of cocaine. As a matter of officer safety, Fortin then announced that he wished to pat down the defendant for any weapons. The defendant either affirmatively agreed to the procedure or, at very least, made no objection. The pat down revealed no weapons or drugs. However, while the pat down was in process, one of the MDEA agents who was counting the defendant's money asked him what he did for work, to which the defendant replied, "I deal drugs." Thinking that the defendant was being facetious, the special agent asked twice more and received the same response. As the pat down and questions went forward, the special agent noticed that the defendant had placed his hands back in his trouser pockets and that they balled as if in fists. The agent ordered the defendant twice to remove his hands from his pockets and then to open his hands.

In one of his hands, the defendant had a bag of what appeared to be crack cocaine. The defendant was then arrested, and later, after having been advised of his *Miranda* rights, the defendant talked about his drug activities.

## Discussion

The events of February 10, 2003, set forth above create an interesting legal scenario. The defendant does not challenge the authority of the probation officer to go and search his wife's residence. This type of random search is permitted as a condition of her probation. The probation officer had no reason to know specifically that the defendant would be at his wife's residence, since they had an on-again, off-again relationship. Nor did any of the officers who went on the probation search have probable cause as they approached the residence to search the defendant if he happened to be there. However, the probation officer did know from his task force days in the Lewiston/Auburn area of the defendant's reputation for being armed and dangerous.

When the officers arrived at Ms. Allen's residence to perform their authorized probation search and found the defendant present, the probation officer's immediate concern was one of officer safety. This explains the request to the defendant to empty his pockets and is the basis for the probation officer pat down. The "officer's safety" concern would not have justified any more intrusive search of the defendant than the pat down, which had negative results. The defendant argues that the pat down was not consensual and that there was no probable cause for such search. However, this argument ignores the fact that in certain circumstances officer safety may be sufficient basis for such limited search, and, in any event, the evidence that was found was not the result of the pat down. The suspicious bag appeared after the defendant had portrayed

himself as a drug dealer and after the special agent asked him to remove his hands from his pockets and then to open them.

The facts in this case are unique. Nevertheless, after considering all of the evidence, the court is satisfied that the State bore its burden of proving that there was sufficient basis for the order which produced the drugs in the defendant's hand to weather constitutional scrutiny. Nor do these facts taint the subsequent statements defendant made after receiving his *Miranda* warning. For these reasons, the entry will be:

Motion DENIED.

Dated: February 10, 2004

S. Kirk Studstrup
Justice, Superior Court

STATE OF MAINE

· VS

KENNETH A ALLEN
68 NORTHERN AVE #1
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2003-00170

**DOCKET RECORD**

DOB: 03/26/1950
Attorney: SHERRY TASH
          HAINKE & TASH
          PO BOX 192
          WHITEFIELD ME 04353
          APPOINTED 04/02/2003

State's Attorney: LARA NOMANI

Filing Document: INDICTMENT
Filing Date: 04/18/2003

Major Case Type: FELONY (CLASS A,B,C)

**Charge(s)**

1   AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS   02/05/2003 AUGUSTA
    17-A   1105-A(1)(E)(1)        Class A


2   UNLAWFUL POSSESSION OF SCHEDULED DRUG       02/05/2003 AUGUSTA
    17-A   1107-A(1)(A)(2)        Class B


**Docket Events:**

04/22/2003 FILING DOCUMENT -  INDICTMENT FILED ON 04/18/2003

          TRANSFER -  BAIL AND PLEADING GRANTED ON 04/18/2003

          TRANSFER -  BAIL AND PLEADING REQUESTED ON 04/18/2003

04/25/2003 Charge(s):  1,2
          HEARING -  ARRAIGNMENT SCHEDULED FOR 04/25/2003 @ 8:30

04/25/2003 Charge(s):  1,2
          HEARING -  ARRAIGNMENT HELD ON 04/25/2003 @ 8:30
          DONALD H MARDEN , JUSTICE
          Attorney:  SHERRY TASH
          DA:  ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court

          READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT.  21 DAYS TO FILE MOTIONS
04/25/2003 Charge(s):  1,2
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 04/25/2003

04/25/2003 Charge(s):  1,2
          PLEA -  NOT GUILTY ACCEPTED BY COURT ON 04/25/2003

04/25/2003 BAIL BOND -  $1,000.00 CASH BAIL BOND CONTINUED AS POSTED ON 04/25/2003

          DEFENDANT POSTED $1,000 IN DISTRICT COURT

04/25/2003 BAIL BOND - CASH BAIL BOND COND RELEASE ISSUED ON 04/25/2003

DEFENDANT IS NOT TO LEAVE THE STATE OF MAINE EXCEPT ON 4/28 AT 6:00 A.M. TO 4/29 AT 6:00
P.M. AND DEFENDANT IS TO REPORT TO DETECTIVE CHRIS MASSEY, APD WHEN HE LEAVES, WHEN HE
ARRIVES AT HIS DESTINATION AND WHEN HE RETURNS.

05/05/2003 MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 05/05/2003

DA: LARA NOMANI
DEF CURRENTLY BEING HELD ON NEW CRIMINAL CHARGES.

05/06/2003 MOTION - MOTION TO REVOKE BAIL GRANTED ON 05/05/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL. GRANTED, MOTION TO BE SET FOR HEARING ASAP.

05/16/2003 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 05/16/2003

05/16/2003 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 05/16/2003

05/16/2003 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 05/16/2003

05/16/2003 HEARING - BAIL HEARING HELD ON 05/09/2003
DONALD H MARDEN , JUSTICE
Attorney: SHERRY TASH
DA: LARA NOMANI            Reporter: LAURIE GOULD
Defendant Present in Court

BAIL TO REMAIN AS POSTED IN DISTRICT COURT

05/16/2003 BAIL BOND - $1,000.00 CASH BAIL BOND CONTINUED AS POSTED ON 05/09/2003

05/19/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/13/2003

05/19/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/02/2003

COPY TO PARTIES/COUNSEL

05/21/2003 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 05/21/2003

Bail Receipt Type: CR
Bail Amt: $1,000
                          Receipt Type: CK
Date Bailed: 02/05/2003   Prvdr Name: KENNETH  ALLEN
                          Rtrn Name: KENNETH  ALLEN


## Conditions of Bail:

Other:SEE JUSTICE ATWOOD'S ORDER AMENDING BAIL CONDITIONS DATED 6/3/03

05/21/2003 TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 05/21/2003

05/21/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL

05/21/2003 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/03/2003 @ 9:00

NOTICE  TO PARTIES/COUNSEL

05/21/2003 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 06/03/2003 @ 9:00

Printed on: 02/11/2004

05/30/2003 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 05/29/2003

05/30/2003 MOTION -  MOTION TO CONTINUE GRANTED ON 05/29/2003
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
05/30/2003 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 05/29/2003

05/30/2003 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 05/29/2003

05/30/2003 HEARING -  MOTION TO SUPPRESS CONTINUED ON 05/29/2003

06/03/2003 MOTION -  MOTION AMEND BAIL CONDITIONS FILED BY DEFENDANT ON 06/02/2003

          DEFENDANT'S MOTION TO AMEND CONDITIONS OF RELEASE AND BAIL BOND.
06/03/2003 MOTION -  MOTION AMEND BAIL CONDITIONS GRANTED ON 06/03/2003
          JOHN R ATWOOD , JUSTICE
          COPY TO PARTIES/COUNSEL
06/17/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 07/08/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
06/17/2003 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 07/08/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
06/17/2003 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 07/08/2003 @ 9:00

07/09/2003 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 07/08/2003

07/09/2003 MOTION -  MOTION TO CONTINUE GRANTED ON 07/08/2003
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL
07/09/2003 HEARING -  MOTION TO SUPPRESS CONTINUED ON 07/08/2003

07/09/2003 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 07/08/2003

07/09/2003 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 07/08/2003

08/05/2003 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 10/07/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
08/05/2003 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 10/07/2003 @ 9:00

          NOTICE  TO PARTIES/COUNSEL
08/05/2003 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 10/07/2003 @ 9:00

10/08/2003 HEARING -  MOTION EXPERT WITNESS REPORT NOT HELD ON 10/08/2003

          PARTIES WERE IN AGREEMENT, MOTION GRANTED
10/08/2003 MOTION -  MOTION EXPERT WITNESS REPORT GRANTED ON 10/08/2003
          DONALD H MARDEN , JUSTICE
10/08/2003 HEARING -  MOTION FOR DISCOVERY NOT HELD ON 10/08/2003

          MOTION WITHDRAWN
10/08/2003 MOTION -  MOTION FOR DISCOVERY WITHDRAWN ON 10/08/2003
Printed on: 02/11/2004

10/08/2003 HEARING - MOTION TO SUPPRESS CONTINUED ON 10/08/2003

WRIT WAS NOT ISSUED FOR DEFENSE WITNESS DARLA ALLEN
10/08/2003 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 10/08/2003

CERTIFIED COPY TO SHERIFF DEPT.
10/08/2003 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 10/14/2003 @ 10:00

NOTICE TO PARTIES/COUNSEL
10/16/2003 HEARING - MOTION TO SUPPRESS HELD ON 10/14/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: SHERRY TASH
DA: LARA NOMANI          Reporter: DIANE MCMANUS
HEARING HELD ON MOTION TO SUPPRESS. WITNESSES SEQUESTERED. STATE CALLS WITNESSES MARK
FORTIN AND LOWELL WOODMAN. CASE RECESSES AT 4:00 P.M. AND TO RESUME AT 1:00 P.M. ON
10/16/03.
10/16/2003 HEARING - MOTION TO SUPPRESS HELD ON 10/15/2003
S KIRK STUDSTRUP , JUSTICE
Attorney: SHERRY TASH
DA: LARA NOMANI          Reporter: KATHLEEN CASEY
CASE RESUMES WITH STATE'S WITNESS LOWELL WOODMAN AND STACY BLAIR. STATE RESTS. DEFENSE
CALLS WITNESSES KENNETH ALLEN AND DARLA ALLEN. DEFENSE RESTS. STATE REBUTTAL WITNESSES
LOWELL WOODMAN AND STACY BLAIR CALLED. STATE RESTS FINALLY. COUNSEL TO FILE ARGUMENT
BRIEFS. DEFENDANT'S DUE 11/17/03; STATE'S REPLY DUE 12/1/03 AND DEFENDANT'S RESPONSE DUE
12/15/03. MATTER WILL BE TAKEN UNDER ADVISEMENT.
10/16/2003 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 10/15/2003
S KIRK STUDSTRUP , JUSTICE
CASE FILE IS WITH JUSTICE STUDSTRUP. ARGUMENT BRIEFS TO BE FILED.
10/16/2003 CASE STATUS - CASE FILE LOCATION ON 10/15/2003

CASE IS WITH JUSTICE STUDSTRUP.
10/16/2003 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 10/15/2003
S KIRK STUDSTRUP , JUSTICE
DARLA ALLEN IS REMANDED. CERTIFIED COPIES ISSUED TO SHERIFF'S DEPARTMENT.
11/17/2003 OTHER FILING - MEMORANDUM OF LAW FILED ON 11/17/2003

Attorney: SHERRY TASH
12/16/2003 OTHER FILING - MEMORANDUM OF LAW FILED ON 12/16/2003

DA: LARA NOMANI
01/05/2004 OTHER FILING - OTHER DOCUMENT FILED ON 01/05/2004

DEFENDANT'S RESPONSE TO STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS
02/11/2004 CASE STATUS - CASE FILE RETURNED ON 02/11/2004

02/11/2004 MOTION - MOTION TO SUPPRESS DENIED ON 02/11/2004
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk